JOSEPH R. BESSE
v.
GEORGE W. SAWYER.

*Highways—Law of the Road—Injury to Team—Conflict of Evidence— New Trial—Instructions.*

1. In an action to recover for injury to a horse and sulky, resulting from an altercation upon the highway, this court declines to interfere with

the verdict of the jury, the evidence being wholly conflicting and apparently irreconcilable.

2.   A new trial will not be granted upon the ground of newly discovered evidence when the same is merely impeaching and not conclusive in character.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Whiteside County; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

Mr. WILLIAM H. ALLEN, for appellant.

Mr. W. J. McCOY, for appellee.

UPTON, J.   This is an action for an alleged injury to a horse and sulky of appellant, originally brought before a justice of the peace of Whiteside county, in which, upon trial, a judgment was rendered in favor of the appellant for $40 and costs, from which Sawyer appealed to the Circuit Court of that county.   On the trial in the Circuit Court the jury found a verdict for the appellee, Sawyer.   A motion for a new trial being overruled, judgment was entered on the verdict.   The case is in this court by appeal from that judgment.

The appellant, Besse, was, on the evening of the 2d day of August, 1887, driving along a public highway with a horse, in a light sulky, nearly two miles southwest of Erie, in Whiteside county, and overtook the appellee in a narrow place on said highway.

The appellee was driving a span of horses attached to a double wagon, in the box of which were fifty or sixty bushels of rye, loose in the box, weighing nearly 3,000 pounds.   The tire on the wheels of appellee's wagon, in consequence of the wheels becoming dry, were loose and working off, requiring frequent stoppage of his team to drive the tire on, to prevent breaking of the wheels.   The highway was quite sandy at the point in question, and in consequence of the condition of the highway, the loaded wagon and the imperfect condition of its wheels, it was not practicable for appellee to drive outside of the beaten track of the highway.

It was under such circumstances that appellant overtook appellee. On the trial in the Circuit Court appellant contended that the horse he was driving was a young, spirited horse, headstrong and difficult to control; that upon coming up with appellee he so informed him, and requested him to turn out of or upon one side of the highway, and allow him to pass by, which he refused to do, but instead told appellant to go by, if he knew enough; called appellant improper names, and treated him with contempt; that appellant being unable to hold back his horse any longer, upon getting near the rear of appellee's wagon appellee struck the horse over the head with his whip, which frightened it, rendering it more difficult to manage, and that, seeing the effect of the first blow, he immediately struck the horse again, which caused it to rear up, turn out of the highway and jump into a deep ditch, three feet or more deep, overturning the sulky, throwing the horse and pitching appellant with great violence upon the ground, thereby breaking the sulky, damaging the horse and injuring appellant.

It was contended on the part of appellee that when overtaken by appellant, and upon his request to him to turn out of the highway so that appellant might pass, he informed him of the load upon his wagon, the condition of the wheels, the fact that it would be difficult, if not impossible, for him to get back into the track of the highway without breaking down, and informing appellant that a few rods further on the highway was broad enough for him to pass without danger to either appellant or himself, asking him to await the arrival at the point designated, which would be but a few minutes; that while speaking the tire came partly off the wheel of his wagon and he was compelled to stop and drive it on; that he apologized for the delay to appellant; that the appellant got into a violent passion, threatened to run the thill of his sulky through the end board of the wagon box and empty the rye, with which the wagon was loaded, upon the ground, drove his horse up to the end of the wagon and allowed it to eat of the rye in the wagon; that upon being requested to keep his horse from damaging and wasting the rye appellant swore his horse should eat all he wanted of it; that appellee told appellant, if

he did not keep his horse out of his wagon he should strike the horse with his whip; that appellant, with curses and threats, drove his horse again up to the wagon, and suffered it to eat therefrom, upon which appellee struck the horse upon the head with a whip, the handle of which was of hazel brush, and the lash a string cut from a boot leg; that immediately the appellant, in a great passion, drove his horse along the near side of the appellee's wagon, and standing up in his sulky, with his lines in his left hand and his whip in his right hand, struck appellee (who was sitting upon the seat of his wagon) a vigorous blow upon his head and shoulders; that the sound of the blow seemed to frighten appellant's horse, and it jumped into the ditch and overturned the sulky and occasioned the damages complained of, which were claimed to have been quite small at most.

Upon this contention quite considerable testimony was heard on both sides, which was wholly conflicting and apparently irreconcilable.

The jury, after hearing all the evidence, found a verdict for the appellee (defendant below), and appellant having brought the case to this court to reverse the judgment upon that verdict, assigns for error in the trial court the admission of improper and the rejection of proper evidence on the trial, the giving of improper and the refusal of proper instructions to the jury, the giving of its own motion by the court improper instructions, overruling appellee's motion for a new trial and the rendition of judgment against appellant.

In regard to the alleged errors of the refusal of proper evidence and the admission of improper evidence by the trial court, it is sufficient to say that no evidence of the character complained of has been pointed out in the argument, and none is apparent to us on the record materially affecting the issues in the case.

It is claimed, however, that the court erred in refusing to give the third instruction asked for by the appellant; that the court also erred in the instruction given on its own motion, and also that the court erred in giving to the jury the instructions asked for by the defendant. We have carefully examined the

instructions in this record, and we fail to find any substantial error therein; taken as a series we do not think them misleading, and while, perhaps, the law of the case was not so fully set forth or clearly stated as might have been done, it is in our judgment manifest that, upon that branch of the case, no injustice has been done either party, and we do not feel called upon to interfere.

Of the error assigned in not setting aside the verdict and granting a new trial, it is sufficient to say that, from the evidence and the facts to which we have referred, no error in that regard was committed by the trial court. Here was a sharp conflict of evidence, which was the peculiar province of the jury to reconcile, if possible, and from which to determine the facts in their *own* minds as to the right of this contention and the consequent merits of this controversy. And even though the trial court or this court might have been better satisfied with a different verdict, still, neither that court nor this would be authorized to interfere, if the evidence heard on the part of the appellee, standing alone, would justify the verdict.

If the jury were justified from the evidence in rendering the verdict, as we think they were, it follows that appellant is not entitled to any damages in this case, and hence, whether he suffered damages to his person, became a wholly immaterial question, and the instruction in that regard could not have been material to the issue of this case.

But it is said the court below erred in not granting a new trial for newly discovered evidence. The motion for a new trial, based upon the affidavits presented in this record, we think was properly denied. When examined in connection with the evidence in this record, such newly discovered testimony would only have been impeaching and in no manner conclusive in its character, it is apparent. The rule is too well settled to require authoritative citations, that a new trial will not be granted when the newly discovered evidence is of that character. We have carefully examined the record in this case and fail to find therein any material error to justify our interference with the judgment of the court below, and that judgment is affirmed.

*Judgment affirmed.*